49D02-1903-CT-009176

Marion Superior Court, Civil Division 2

Filed: 3/6/2019 11:34 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

LILLIAN SORLIE,

        Plaintiff,

v.

SAM'S EAST, INC., and
WAL-MART STORES, INC.,

        Defendants.

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, LILLIAN SORLIE, and for her Complaint for Damages against the Defendants, SAM'S EAST, INC., and WAL-MART STORES, INC., and in this request for a jury trial, alleges and says:

1) The Plaintiff, LILLIAN SORLIE, is a resident of Madison County, in the State of Indiana.

2) The Defendant, SAM'S EAST, INC., is an Arkansas corporation registered and doing business in the State of Indiana.

3) The Defendant, WAL-MART STORES, INC., is an Arkansas corporation registered and doing business in the State of Indiana.

4) At all times relevant hereto, the Defendants owned, operated, managed, maintained, and/or otherwise controlled a retail establishment known as "Sam's Club" located at 7235 E. 96th Street, in the City of Indianapolis, County of Marion, State of Indiana (hereafter referred to as "Defendants' Store", "Defendants' Property", or "Defendants' Premises").

5) At approximately 1:30 p.m. on July 30, 2018, the Plaintiff was an invitee of the Defendants at the Defendants' Store, and was on the Defendants' Property for the financial benefit of the Defendants.

EXHIBIT "A"

- 1 -

6) At the aforementioned time and place, while on the Defendants' Property, the Plaintiff slipped on water and fell to the ground (hereafter referred to as the "Incident").

7) At the time of the Incident, the Defendants owed to the Plaintiff a duty to maintain the Defendants' Store in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind.Ct.App.1985).

8) At the time of the Incident, the Defendants were negligent in failing to exercise reasonable care in maintaining the Defendants' Store in a reasonably safe condition.

9) At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

   a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

   b) should expect that its invitees will not discover or realize the danger, or will fail to protect themselves against it; and

   c) fails to exercise reasonable care to protect its invitees against the danger.

   *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

10) At the time of this Incident, the Defendants knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as the Plaintiff.

11) At the time of this Incident, the Defendants should have expected that invitees such as the Plaintiff would not realize or discover the dangerous condition located on the Defendants' Property, or would fail to protect themselves against it.

12) At the time of this Incident, the Defendants failed to exercise reasonable care in protecting invitees such as the Plaintiff by failing to have the aforementioned dangerous condition mopped and/or cleaned up, by failing to reasonably warning invitees of said condition, and/or by permitting invitees such as the Plaintiff to traverse the area of the Defendants' Store in which the aforementioned dangerous condition was located.

13) At the time of this Incident, the Defendants owed a duty to the Plaintiff to warn her of the hazard on the Defendants' Property. *Duffy v. Ben Dee, Inc,.* 651 N.E.2d 320 (Ind. App. 1995); *Burrell v. Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

14) The Defendants' duty to warn the Plaintiff of any hazards on the Defendants' Property is not limited to only those dangers of which the Defendants are aware. The Defendants, as invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. App. 1994).

15) At the time of this Incident, the Defendants were negligent in failing to warn the Plaintiff of the aforementioned dangerous condition located on the Defendants' Property.

16) At the time of this Incident, the Plaintiff did not observe the aforementioned dangerous condition until after she fell.

17) As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained physical injuries.

18) As a direct and proximate result of the Defendants' negligence, the Plaintiff has incurred medical expenses and other costs.

19) As a direct and proximate result of the Defendants' negligence, the Plaintiff has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendants in an amount reasonable to compensate her for damages sustained, any and all pre-judgment interest calculated daily according to law, and any and all other relief deemed just and proper.

Respectfully Submitted,

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
Attorneys for the Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
Attorneys for the Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999